OFFICE OF THE STANDING CHAPTER 13 TRUSTEE
**Angela D. Allen, Attorney**
**State Bar No. 00786970**
**Staff Attorney for Tim Truman Chapter 13 Trustee**
**6851 N.E. Loop 820, Suite 300**
**N. Richland Hills, TX 76180**
angelaa@ch13ftw.com
**Phone:  (817) 770-8500**
**Facsimile:  (817) 770-8511**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. NO 17-40573-ELM |
| | § | |
| SUN CHA URIEGAS | § | CHAPTER 13 |
| | § | |
| DEBTORS | § | |

### TRUSTEE'S RESPONSE TO MOTION TO DISMISS CASE (Docket #81)

TO THE HONORABLE EDWARD L. MORRIS, U.S. BANKRUPTCY JUDGE:

Now comes Tim Truman the Standing Chapter 13 Trustee and files this his "Trustee's Response (herein "Response") to Debtor's Motion to Dismiss (Docket #81)" filed May 3, 2019, (herein "Motion") and for same would show the Court as follows:

1. The Trustee ADMITS the allegations in Paragraph 1 of the Motion that Debtor filed this Voluntary Chapter 13 on February 10, 2017.

2. The Trustee is UNABLE TO ADMIT OR DENY and therefore DENIES the allegations of Paragraph 2 of the Motion that "Debtor no longer desires to continue with her Chapter 13 Petition" since he is without sufficient knowledge and information to determine the veracity of said allegations.

3. The Trustee is not required to ADMIT OR DENY the allegations of Paragraph 3 of the Motion.

4.      Pursuant to Judge Lynn's opinion in In re Polly, 392 B.R. 236 (Bankr. N.D. Tex. 2008) the Trustee would show that cause exists for the court to protect the interests of parties pursuant to 11 U.S.C. Section 349(b)(3) by expressly providing in and conditioning the Order of Dismissal that the following property of the estate shall NOT re-vest in the Debtors, but remain in the estate, subject to administration by the trustee for the benefit of creditors: a post-petition claim against the attorney of record Marilyn D. Garner regarding repayment of funds disbursed to her for attorney fees in the amount of $8,377.16.  The Trustee would show that after payment of these fees by the Trustee to Marilyn Garner, the Trustee was informed that the funds had actually been paid directly to Ms. Garner by the Debtor.  Ms. Garner has been repaying the claim and has in fact paid $500.00 to the Trustee.  The Trustee proposes that this case remain open to allow full repayment of the funds by Ms. Garner to the bankruptcy estate.

**WHEREFORE, PREMISES CONSIDERED,** the Trustee prays that the court expressly provide in and condition the Order of Dismissal that the herein described property NOT re-vest in the Debtors, and that the trustee be authorized to continue administration of the estate and for such other and further relief, whether general or special, at law or in equity, to which Trustee may show himself to be justly entitled.

        Respectfully submitted,

        By:   /s/ Angela D. Allen
        TIM TRUMAN,
        STANDING CHAPTER 13 TRUSTEE
        Angela D. Allen, Staff Attorney
        State Bar No. 00786970
        6851 N.E. Loop 820, Suite 300
        N. Richland Hills, TX  76180
        (817) 770-8500

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the "Trustee's Response to Motion to Dismiss Case'" was served on the Debtor and Debtor attorney, by first class mail and/or electronically by the Court on Debtors' attorney and other parties entitled to receive electronic notice on the day of filing.

/s/ Angela D. Allen
Angela D. Allen